UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Melodie Pinner,<br><br>                 Plaintiff,<br><br>    v.<br><br>Kale Brock, et al.,<br><br>                 Defendants. | Case No. 2:24-cv-00972-APG-DJA<br><br>**Report and Recommendation** |

      Florence McClure Women's Correctional Center inmate, Plaintiff Melodie Pinner, submitted initiating documents to the Court which include an application to proceed *in forma pauperis* and a civil rights complaint. (ECF Nos. 1, 1-1). Plaintiff's application is complete. However, on screening Plaintiff's complaint, the Court finds that Plaintiff's claims are better brought through a habeas corpus, and not a civil rights, action. The Court thus recommends dismissing Plaintiff's complaint without leave to amend. Because the Court recommends dismissing Plaintiff's complaint without leave to amend, it also recommends denying her application to proceed *in forma pauperis* as moot.

**I.**    *In forma pauperis* **application.**

      Plaintiff filed the forms required to proceed *in forma pauperis* (without paying the filing fee). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. However, as outlined more fully below, upon screening Plaintiff's complaint, the Court finds that dismissal without leave to amend is appropriate. So, the Court will recommend denying Plaintiff's application to proceed *in forma pauperis* as moot.

**II.**    **Legal standard for screening.**

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the

"well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening Plaintiff's complaint.**

Plaintiff sues Mineral County Public Defender Kale Brock, Mineral County District Attorney Jaron Stanton, Mineral County Assistant District Attorney Kenneth Tedford III, Mineral County District Court Judge Jim C. Shirley, and Mineral County Detention Center Sergeant Barnes. (ECF No. 1-1 at 2). Plaintiff brings her claims under the Eighth Amendment and Fourteenth Amendment. (*Id.* at 3-5). Her claims involve her state court criminal case. Plaintiff alleges that her attorney—Brock—assured her that he had agreed to a plea with the District Attorneys Thedford and Stanton that Plaintiff would be undergoing treatment rather than serving time in prison. (*Id.*). But Judge Shirley ultimately sentenced Plaintiff to prison. (*Id.*). Plaintiff also asserts that she had difficulty contacting her attorney throughout her case. (*Id.*). Plaintiff's claims challenge the validity of her state court conviction. So, her claims are better brought through a habeas corpus action.[1]

Plaintiff's complaint, as written, seeks damages under 42 U.S.C. § 1983 for violations of her constitutional rights in her state court criminal proceedings. 42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade*

---

[1] Plaintiff's complaint is deficient for other reasons, including immunity issues. However, because the Court finds that Plaintiff's complaint challenges the validity of her state court conviction and recommends dismissal on those grounds, the Court does not address the other issues.

*v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

The only claim that Plaintiff brings that does not attack the validity of her criminal conviction is her claim that Sergeant Barnes returned one of her kites. (ECF No. 1-1 at 4). Plaintiff had sent a kite requesting certain legal materials because Plaintiff was having difficulty contacting her counsel. (*Id.*). Sergeant Barnes returned the kite, telling Plaintiff to contact her

attorney for the materials. (*Id.*). But Plaintiff alleges no other facts against Sergeant Barnes. And simply returning Plaintiff's kite to her does not constitute a constitutional violation under the Eighth or Fourteenth Amendments. *See Graham v. Florida*, 560 U.S. 48, 58 (2010) (explaining that the Eighth Amendment prohibits cruel and unusual punishments); *see Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (rejecting a due process claim because there is no legitimate claim of entitlement to a grievance procedure like kites).

Ultimately, Plaintiff's complaint primarily attacks the validity of her criminal conviction and Plaintiff does not allege that her conviction or sentence has been reversed or otherwise invalidated. And the only allegations that do not attack the validity of her conviction do not rise to the level of a constitutional violation. The Court thus recommends dismissal of her complaint without leave to amend.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **denied as moot.** The Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be **dismissed without leave to amend.**

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the

order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: June 13, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE